**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SCHOLAR INTELLIGENT SOLUTIONS, INC., | : : : | |
| Plaintiff, | : | **Civil Action No. 13-642 (SRC)(CLW)** |
| v. | : : | |
| THE NEW JERSEY EYE CENTER, P.A., et al. | : : | **OPINION** |
| Defendants. | : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the parties' cross-motions for summary judgment [Docket Entries 102 & 109].  The parties have opposed one another's motions [Docket Entries 114 & 121].  The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court will grant in part and deny in part Plaintiff/ Third-Party Defendants' motion for summary judgment and grant in part and deny in part Defendants/ Third-Party Plaintiffs' motion for summary judgment.

## I.    BACKGROUND

This case arises out of a commercial dispute between a group of laser eye surgery centers and a vendor who had agreed, among other things, to provide advertising, production, media buying, and administrative support to the centers.  Plaintiff Scholar Intelligent Solutions, Inc. ("SIS") complains that under the terms of a contract, it is owed money for services rendered and 50% more in commissions than it received.  In the alternative, SIS argues that it deserves compensation under the theory of quantum meruit.  Defendants The New Jersey Eye Center, P.A. (a/k/a The Vision Center of New Jersey, a/k/a Dello Russo Vision), Stephanie Dello Russo, Laser Eye Practice of Brooklyn, PLLC, Laser Eye Practice of Long Island, PLLC, and Laser Eye Practice of New York, PLLC (collectively "Defendants" [1]) dispute that a contract existed between the parties at all.  Defendants have counterclaimed against SIS and also filed a Third–Party Complaint against its owners, William and Mitchell Scholar, and SIS employee Karl Stearns.  The general thrust of the Counterclaims/Third–Party Complaint is that after the parties' business relationship began to sour, Plaintiffs[2] engaged in a pattern of hostile and threatening behavior, including sabotaging Defendants' website, promoting the filing of frivolous and untrue complaints with federal authorities, and threatening to disclose Defendants' confidential patient leads to Defendants' competitors.

On June 5, 2013, this Court denied Defendants' motion for a preliminary injunction restraining Plaintiffs from disseminating the Defendants' confidential information on the grounds

---

[1] In the interest of simplicity, the Court will refer only to "Defendants" and avoid using the terms "Counterclaimants" and/or "Third-Party Plaintiffs."
[2] The Court will also refer to SIS, William Scholar, Mitchell Scholar, and Karl Stearns collectively as "Plaintiffs."  The Court recognizes that Karl Stearns has not joined the cross-motion or opposition motions.

that there had been no showing of immediate irreparable injury [Docket Entry 38].  On the same day, this Court dismissed Count Four of the Complaint.  Plaintiffs thereafter abandoned Court Three of its Complaint.  (Pls.' Opp. at 2).[3]

Plaintiffs' remaining claims are Counts One and Two, both breach of contract claims, and Count Five, a claim under quantum meruit.  Defendants' Counterclaims and Third-Party Complaint includes claims of breach of contract, breach of fiduciary duty, conversion, replevin, misappropriation of confidential information, tortious interference with prospective business relations, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and violation of the Computer–Related Offense Act, N.J.S.A. § 2A:38A–3.[4]  Plaintiffs move for summary judgment on Counts One and Two of their Complaint and on the Defendants' Counterclaims and Third-Party Complaint.  Defendants cross-move on the Complaint in its entirety.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all

---

[3] Because Plaintiffs concede that they have abandoned Count Three of the Complaint, this Court grants Defendants' motion for summary judgment as to Count Three only.
[4] With the exception of the claim for breach of contract, which is pled only against SIS, all claims are asserted against SIS, Karl Stearns, and William and Mitchell Scholar.

justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring the nonmoving party to "set out specific facts showing a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

### III.   ANALYSIS

#### a.   PLAINTIFFS' MOTION ON DEFENDANTS' COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

The Court will first consider Plaintiffs' motion for summary judgment[5] on Defendants' Counterclaims and Third-Party Complaint.  Plainly, Defendants bear the burden of proof for their breach of contract, breach of fiduciary duty, conversion, replevin, misappropriation, tortious interference, Computer Fraud and Abuse Act, and Computer-Related Offense Act claims. Plaintiffs point this Court to a dearth of evidence substantiating these claims, and thus the burden shifts to Defendants to present evidence of their claims.[6]

Nevertheless, Defendants have not responded with any evidence whatsoever of the Plaintiffs' improper conduct.  Defendants have failed to identify any experts, witnesses, or

---

[5] Although Plaintiffs call this section of their opening brief a motion to dismiss, the Court construes the motion as a motion for summary judgment, in line with the remainder of Plaintiffs' arguments.

[6] Defendants misconstrue the summary judgment standard when they argue that the Court cannot grant summary judgment based on Plaintiffs' insistence that Defendants have not presented enough evidence.  (Defs.' Opp. at 21).  Defendants argue that they must still be allowed to present evidence at trial.  (*Id.*)  Because the burden of proof is on the Defendants, Plaintiffs' argument that Defendants have not presented enough evidence shifts the burden to the Defendants to show that a genuine issue of material fact exists.

documents that can support their assertions that Plaintiffs disseminated confidential information, tampered with the website inappropriately, or that Defendants lost views to their webpage, paid for a forensic investigator, or hired a consultant to create a new website.  (Pls.' Mov. Br. at 10, 20-26).  Rather, Defendants present mere allegations.

Furthermore, the evidence that the Defendants supply cannot be considered evidence of Plaintiffs' conduct at all.  Defendants present the certification of James Dello Russo, which states that William Scholar said to James Dello Russo that "Karl [Stearns] possess [sic] certain information that . . . would have at the very least cause you your family and you [sic] business disrupted." (Defs.' Opp. at 21).  The implications of this comment are unclear.  It is entirely too speculative to view this statement as evidence that Plaintiffs actually took action in disseminating confidential information or tampering with the Defendants' website.  Even if this statement was viewed as a threat, it is insufficient evidence of Plaintiffs' conduct without any further proof.  Because Defendants present no actual evidence of Plaintiffs' improper activity, the Court grants Plaintiffs' motion for summary judgment on Defendants' Counterclaims and Third-Party Complaint and enters judgment in favor of Plaintiffs.

b.  **PLAINTIFFS' MOTION ON THEIR BREACH OF CONTRACT CLAIMS**

Next, the Court considers Plaintiffs' motion for summary judgment on Counts One and Two of the Complaint.  Both counts are breach of contract claims.  In the First Count, Plaintiffs allege that Defendants failed to pay Plaintiffs under the contract.  In the Second Count, they claim that Defendants owe Plaintiffs twice as much as they paid in commissions according to the specific terms of the contract.

"To prevail on a breach of contract claim, Plaintiff must prove (1) the existence of a valid contract, (2) its own performance of contractual duty, (3) defective performance by the defendant

in violation of the contract, and (4) damages from the breach." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citing *Video Pipeline, Inc. v. Buena Vista Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002)).  Under New Jersey law, an enforceable contract is created when two parties "agree on essential terms and manifest an intention to be bound by those terms[.]" *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992).  Importantly, such an agreement does not have to be evidenced by an express written document, but may be manifested by conduct and the surrounding circumstances. *Troy v. Rutgers*, 168 N.J. 354, 365 (2001).  The legal effect of a contract implied in fact is identical to that of an express contract. *Wanaque Borough Sewerage Auth. v. Twp. of W. Milford*, 144 N.J. 564, 574 (1996).

Here, there are genuine issues of material fact as to whether a contract was entered into, and if so, what the terms of that contract were.  Plaintiffs present a document that they call the contract and they argue that this contract took effect.  They argue that the contract was formed because of two documents: (1) an e-mail from Stephanie Dello Russo, the office manager of the Defendants and (2) an electronic signature page.  But, upon closer look, neither item is dispositive in showing that the parties entered into a contract.

Plaintiffs first rely on an email from Stephanie Dello Russo, but this email does not state that the Defendants agreed to the terms of a contract.  Rather, in the e-mail, Ms. Dello Russo wrote that "[t]he contract looks fine, however would [sic] like to limit the time to a three months [sic] *trial*, which could then take us to the full year.  Other then [sic] that provision it looks like it would be ready for signing."  (Scholar Cert. Ex. B.).  Defendants argue that the e-mail shows that the parties were participating in a trial period, rather than agreeing upon a contract with reasonably certain terms.  (Defs.' Opp. at 17).  Plaintiffs argue that the e-mail was a counter-offer that they accepted.  Plaintiffs argue that they accepted this counter-offer in two ways: first,

they provided a subsequent written contract and second, they began performing services.  (Pls.'
Opp. at 13).  These actions, however, cannot be taken as definite acceptances of Ms. Dello
Russo's counter-offer at the summary judgment stage.  Plaintiffs do not argue that the written
contract was updated to represent Ms. Dello Russo's request for a three-month trial, and thus it is
unclear whether the subsequent written contract was actually an acceptance of the new terms.
Moreover, if Ms. Dello Russo's e-mail was a counter-offer, it may not have invited acceptance
by performance.  By stating that a contract "would be ready for signing," Ms. Dello Russo may
have been inviting acceptance by the signing of an amended contract, not acceptance by
providing services.  Because Plaintiffs' actions may not have been acceptances of an offer, there
remain genuine issues of material fact on whether a contract was formed based on Ms. Dello
Russo's email.

Additionally, there are genuine issues of material fact as to the electronic signature page
that Plaintiffs rely on.  First, Ms. Dello Russo denies signing the document.  (Defs.' Mov. Br. at
5).  The question of whether her signature can be verified is a quintessential contested issue of
fact for trial.  Furthermore, Defendants argue that the electronic signature page was not attached
to the contract because it did not contain the unique DocuSign barcode that was on the contract
and the document was only one page when the contract was eight pages.  (Defs.' Mov. Br. at 5).
In sum, although Plaintiffs clearly performed services to benefit Defendants, the question of
whether the services were rendered under the controlling terms of a contract remains a question
of fact.  Therefore, this Court denies Plaintiffs' motion for summary judgment on its breach of
contract claims.

Because this Court has decided that there is a genuine issue of material fact as to whether
a contract was formed, it can dismiss Plaintiffs' request within its partial motion for summary

judgment on the second breach of contract claim that facts be admitted as to Defendants'
solvency.  Plaintiffs ask the Court to deem admitted that Defendants were not operating at a loss
because according to one of the provisions of the contract, SIS deserved a higher percentage in
commissions if Defendants were solvent during their business relationship.  Plaintiffs point to the
Certification of James Dello Russo, in which James Dello Russo admitted that the Defendants
were never operating at a loss, and Plaintiffs request that the Court deem this admitted.  (Pls.'
Rep. Br. at 10; James Dello Russo Cert. ¶ 18).

     Federal Rule of Civil Procedure 56, which sets out the standard for summary judgment,
cannot be read to allow partial summary judgment on only one small portion of a claim.  *New
Jersey Auto. Ins. Plan v. Sciarra*, 103 F. Supp. 2d 388, 396 (D.N.J. 1998); *Coffman v. Federal
Lab.*, 171 F.2d 94, 98 (3d Cir.1948), *cert. denied,* 336 U.S. 913 (1949); *Kendall McGaw Lab.,
Inc. v. Community Mem'l Hosp.*, 125 F.R.D. 420, 421 (D.N.J. 1989).  Courts have used their
inherent discretion to deny summary judgment when a party asks for a ruling on an issue that is
"only a small subset of the ultimate question to be decided in this adversary proceeding . . . [and
it] doesn't appear that resolution of the present motion would materially advance the litigation in
any way."  *In re G-I Holdings Inc.*, No. 01-30135, 2007 WL 1412294, at *4 (D.N.J. May 14,
2007); *Sciarra*, 103 F. Supp. 2d at 396-397.  Thus, a party moving for summary judgment "may
not 'play leapfrog' with his case by seeking a decision whose validity depends on one or more
unresolved issues. . . . A different arrangement would run the law into conceptually-backward
nonsense."  *Kendall McGaw*, 125 F.R.D. at 421–22.

     Here, the question of whether Defendants were operating at a loss is a small portion of
the second breach of contract claim and its relevance depends on whether the contract was valid.
If a jury concludes as it reasonably can that the contract was invalid, the inquiry into Defendants'

solvency would become irrelevant because the breach of contract claim would fail anyway.

Therefore, this Court denies Plaintiffs' request for a declaration of Defendants' solvency on

summary judgment.[7]

### c. DEFENDANTS' MOTION ON THE COMPLAINT

The Court next considers Defendants' motion for summary judgment on the Complaint.[8]

With respect to Count One and Two of the Complaint, Defendants argue that "[i]t is clear" that

no contract was formed.  (Defs.' Mov. Br. at 20).  Nevertheless, this Court finds that a

reasonable juror could still conclude that a valid contract existed based on the email exchange

with Stephanie Dello Russo, the electronic signature page, or other conduct.  Because genuine

issues of material fact remain as to the contract's validity, this Court denies Defendants' motion

---

[7] Plaintiffs also argue that because Defendants never produced court-ordered financial certifications that prove Defendants' solvency, the Court should impose a sanction under Federal Rule of Civil Procedure 37(b)(2) and deem admitted that Defendants were solvent.  It is well established in the Third Circuit that decisions regarding the imposition of sanctions under Rule 37 are "committed to the sound discretion of the district court."  *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974).  When determining whether to deem facts admitted as a sanction, this Court uses a sliding scale and balances: "(1) culpability (including willfulness and bad faith, and whether the client was responsible or solely the attorney); (2) prejudice; and (3) whether lesser sanctions would have been effective."  *Estate of Spear v. C.I.R.*, 41 F.3d 103, 111 (3d Cir. 1994).  When a party's conduct is unlikely to affect the outcome of the trial, Courts have concluded that deeming facts admitted is an inappropriate sanction. *Id.* at 115-117.  At this stage in litigation, Defendants' actions were not prejudicial because the Defendants' failure to disclose their financial information does not matter to the summary judgment motion.  Regardless of whether Defendants were solvent or not, the Court cannot grant the Plaintiffs' summary judgment motion as to the Count Two breach of contract claim because the contract's validity is still at issue.  Because Plaintiffs were not prejudiced by Defendants' actions at this stage, Defendants' actions do not rise to the level of sanctionable conduct and deeming facts admitted as a sanction under Rule 37(b)(2) is not justified.
[8] Plaintiffs argue that Defendants' motion for summary judgment is procedurally defective because it lacks a certification of an individual with personal knowledge, a notice of motion, and a proposed order.  Because this Court denies Defendants' motion for summary judgment anyway, the Court need not address the procedural defects of the motion.

for summary judgment on Plaintiffs' breach of contract claims. [9]

Next, Defendants move for summary judgment on Plaintiffs' quantum meruit claim. Defendants argue that Plaintiffs' request for relief on quantum meruit must be denied because Plaintiffs have failed to prove the amount of damages due. (Defs.' Opp. at 19). In addition, Defendants argue that Plaintiffs overstate the amount they deserve because Plaintiffs ask Defendants to be paid for work done that did not benefit the Defendants and work done in bad faith after the termination of the business relationship. (Defs.' Opp. at 20).

Under New Jersey law "[q]uantum meruit is a form of quasi-contractual recovery and 'rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.'" *Starkey, Kelly, Blaney & White v. Estate of Nicolaysen,* 172 N.J. 60, 68 (2002). In quantum meruit "it is well settled that where one performs services for another *at his request,* but without any agreement or understanding as to wages or remuneration, the law implies a promise on the part of the party requesting the services to pay a just and reasonable compensation." *Canadian Nat. Ry. v. Vertis, Inc.*, 811 F. Supp. 2d 1028, 1033 (D.N.J. 2011) (citing *Kopin v. Orange Prods.,* 297 N.J. Super. 353, 367–68 (App. Div. 1997) (emphasis added)). The plaintiff "must establish that the services were performed with an expectation that the beneficiary would pay for them, and under circumstances that should have put the beneficiary on notice that the plaintiff expected to be paid." *Ryan,* 128 N.J. at 438. This type of

---

[9] The Court does not address Defendants' argument in its reply brief that the individual Defendants in this case should be dismissed because the Court does not consider new arguments raised in a reply brief for the first time. "The reason for not considering new bases for relief raised for the first time in a reply brief is self-evident: No sur-reply is permitted, so the opponent has no opportunity to address the new defense." *Worrall v. City of Atl. City*, No. 11-3750, 2014 WL 980575, at *5 (D.N.J. Mar. 13, 2014) (quoting *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007)).

quasi-contractual recovery allows the "performing party to recoup the reasonable value of services rendered." *Id.* at 437–38.  A plaintiff recovering in quantum meruit is only entitled to the reasonable value of services rendered; he is precluded from recovering any profit for the services. *Barfield v. Manley*, No. A-2264-04T5, 2005 WL 3730516, at *3 (N.J. Super. Ct. App. Div. Feb. 3, 2006).  To prove the reasonable value of services rendered, a plaintiff cannot rely on an invalid contract or a price quote, but must provide a breakdown of the various tasks performed and itemize the reasonable monetary value for each of the tasks performed. *Id.* at *4–5.  Courts often look to customary fees in similar transactions in order to determine the reasonable value of services rendered.  *Ryan,* 128 N.J. at 441.

Even if there was no binding contract here, Plaintiffs successfully contend that they were reasonably expecting compensation for performing services that Defendants requested.  Plaintiffs list specific tasks that they performed, including advertisement placement, administrative services, and technological assistance, and Plaintiffs provide invoices for each service.  Mitchell Scholar claims that the amount requested for each service is based on standard industry rates. (Scholar Cert. ¶ 5).  This itemization is sufficient at the summary judgment stage; any remaining disagreement between the parties on the specific amount that Plaintiffs would be entitled under quantum meruit presents genuine issues of material fact.  Therefore, this Court denies Defendants' motion for summary judgment on Plaintiffs' quantum meruit claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Plaintiffs' motions and grant in part and deny in part Defendants' motions.  An appropriate Order will be filed herewith.

_____ s/ Stanley R. Chesler _____

STANLEY R. CHESLER

United States District Judge

Dated:  September 30, 2016